**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **EVERCARE PROTECTION, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:25-cv-360-BJ** |
| | § | |
| **HEADSTART WARRANTY GROUP, LLC.** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Evercare Protection, LLC's Motion to Dismiss Counts III and IV of Defendant's Counterclaims and Strike Affirmative Defenses four, six, seven, and eight ("Motion to Dismiss") [doc. 38], filed December 22, 2026.  Having carefully considered the motion, response, and applicable law, the Court **PARTIALLY GRANTS** the motion.

## I.     RELEVANT FACTUAL BACKGROUND

Plaintiff Evercare Protection, LLC ("Plaintiff") "provides white-labeled and branded automotive and residential warranty products to its affiliated marketers."  (Plaintiff's Complaint ("Pl.'s Compl.") at 2.)  Defendant Headstart Warranty Group, LLC ("Defendant") "is a third party warranty and claims administration company for automotive products."  (Pl.'s Compl. at 2.)  "On or about August 30, 2023, Plaintiff entered into a Producer Agreement with Defendant."  (Pl.'s Compl. at 3.)  Plaintiff alleges that Defendant breached this agreement and is owed indemnification for certain damages under the agreement.  (See Pl.'s Compl. at 8-9.)  In the alternative to Plaintiff's theory that Defendant breached the agreement, Plaintiff also alleges that Defendant is liable for conversion and unjust enrichment.  (See Pl.'s Compl. at 10.)  Defendant denies liability under any of these theories.  (See Defendant's Second Amended Answer ("Def.'s Sec. Am. Answer") at 6-

1

8.) However, Defendant does admit that the parties entered into the agreement. (Def.'s Sec. Am. Answer at 2.) Further, Defendant admits that "the Agreement required Plaintiff to market, promote, and sell automative service contracts under a program administered by Defendant." (Def.'s Sec. Am. Answer at 2.) Defendant also asserts various counterclaims and affirmative defenses. (*See* Def.'s Sec. Am. Answer at 9-18.) Plaintiff now moves to dismiss Counts III and IV of Defendant's counterclaims and Strike Defendant's Affirmative Defenses numbers four, six, seven, and eight. (*See* Plaintiff's Motion to Dismiss ("Pl.'s Mot. to Dismiss and Strike") at 1.)

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss Standard

Federal Rule of Civil Procedure ("Rule") 12 (b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This Rule must be interpreted in conjunction with Federal Rule of Civil Procedure 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief

above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Further, when a plaintiff alleges claims sounding in fraud, they must be pleaded with particularity in accordance with Rule 9(b). *Nix v. Major League Baseball*, 62 F.4th 920, 931 (5th Cir. 2023). In other words, a plaintiff must provide the "who, what, when, where, and how" of the alleged fraud. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (citation omitted).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir. 2007). In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003)). If a court determines that dismissal of a claim is appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff has alleged his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 566 (5th Cir. 2003).

### B.    Motion to Strike Standard

Rule 8(c)(1) provides: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. (8)(c)(1). "Failure to timely plead an affirmative defense may result in waiver and the exclusion of the defense from the case." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (citation omitted). "A defendant must plead with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id.* (internal quotation marks and citation omitted). The fair notice requirement is met if the defense is "sufficiently articulated . . . . so that the plaintiff [is] not a victim of unfair surprise." *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993) (citation omitted).

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking a pleading is generally disfavored, and it is "a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (internal quotation marks and citation omitted); *see also United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum v. Chem. Sales, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). "Moreover, the Court may strike purported affirmative defenses as 'redundant' or 'immaterial' under Rule 12(f) on the ground that they are not affirmative defenses at all, but mere denials of an element of the plaintiff's *prima facie* case."

4

*Godo Kaisha IP Bridge 1 v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00213-JRG, 2022 WL 2055232, at *2 (E.D. Tex. June 6, 2022) (emphasis in the original).

### III.    DISCUSSION

#### A.    <u>Counterclaim III: Tortious Interference with Contract</u>

In Plaintiff's Motion to Dismiss, Plaintiff argues that Defendant has failed to state a claim for tortious interference with contract because Plaintiff has not identified "the specific contract(s) and specific customer or finance companies with which it had specific contracts that were allegedly interfered with." (Pl.'s Mot. to Dismiss and Strike at 3.) To state a counterclaim for tortious interference with contract, a defendant must allege "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the [defendant's] injury, and (4) caused actual damages or loss." *Prudential Ins. Co. of Am. v. Fin. Review Services, Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). To plead the first element, a defendant must "identify[] an existing contract that [was] subject to interference[.]" *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 775 (S.D. Tex. 2010); *see also Doe v. Siddiqui*, No. 3:17-CV-01869-N, 2018 WL 3956292, at *2 (N.D. Tex. Aug. 17, 2018) (dismissing a tortious interference with contract claim when a party plead only "she had a valid contract with multiple publishers and medical journals").

Here, Defendant's allegation relating to the identification of the contract are that "Headstart was separately party to numerous contracts with customers and/or finance companies through which Headstart administered those contracts." (Def.'s Sec. Am. Answer at 17.) Based on these allegations, Defendant has failed to sufficiently "identify[] an existing contract that [was] subject to interference[.]" *See M-I LLC*, 733 F. Supp. 2d at 775; *Doe,*, 2018 WL 3956292, at *2. Thus, Defendant has failed to state a claim for tortious interference with contract. Consequently, the

Court **GRANTS** Plaintiff's Motion to Dismiss as to Defendant's claim for tortious interference with contract and **ORDERS** that such claim be **DISMISSED WITHOUT PREJUDICE**.

### B.      Counterclaim IV: Misrepresentation[1]

Plaintiff also argues that the Court should dismiss Defendant's counterclaim for misrepresentation because Defendant's claim is based on an alleged misrepresentation of a future event, and "Defendant does not allege anywhere in the counterclaim the who, what, where, when or how necessary to satisfy the heightened pleading standards required by Federal Rule 9(b)." (Pl.'s Mot. to Dismiss and Strike at 5, 7.)

### 1.  Alleged Misrepresentation of a Future Event

The Court will first address Plaintiff's argument that Defendant's counterclaim for misrepresentation should be dismissed because Defendant's claim is based on an alleged misrepresentation of a future event, not an existing fact.  (*See* Pl.'s Mot. to Dismiss and Strike at 5.)  Defendant argues that even if this is true, "an expression of opinion or prediction about a future event constitutes actionable fraud where the speaker 'purports to have special knowledge of facts that will occur or exist in the future.'"  (Def.'s Resp. at 8 (citation and quotation marks omitted).)

In Texas, the elements of fraudulent misrepresentation are "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby

---

[1] As an initial matter, Defendant does not specify in its Second Amended Answer whether its counterclaim is for fraudulent or negligent misrepresentation. (*See* Def.'s Sec. Am. Answer at 18-19.)  Although the Plaintiff identified this in its Motion, Defendant did not directly address this in its response. (*See* Defendant's Opposition to Plaintiff's Motion to Dismiss ("Def.'s Resp.") at 8-12.)  However, in Defendant's response, Defendant cites to the fraudulent misrepresentation standard not the negligent misrepresentation standard and argues that it adequately plead a fraudulent misrepresentation claim under Rule 9(b). (*See* Def.'s Resp. at 8, 11.)  As such, the Court analyzes Defendant's misrepresentation claim as one for fraudulent misrepresentation.

6

suffered injury." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).  Generally, to be actionable a representation must be one of existing fact, not future events.  *See Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996); *see also In re Absolute Res. Corp.*, 76 F. Supp. 2d 723, 729 (N.D. Tex. 1999).  However, an "expression of an opinion as to the happening of a future event may also constitute fraud where the speaker purports to have special knowledge of facts that will occur or exist in the future." *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983).

Defendant alleges the misrepresentation was that the "cancellation rate for the parties' relationship would range between twenty-five percent (25%) and thirty percent (30%) of the total contracts sold by [Plaintiff] on behalf of [Defendant]." (Def.'s Sec. Am. Answer at 18.) Defendant claims this statement was a misrepresentation because "[Plainitff]'s actual cancellation rates under the Agreement with [Defendant] averaged seventy five percent (75%)[.]" (*Id.*)  As noted by Plaintiff, the inclusion of "would" indicates that this is a representation regarding a future, not existing, event. (*See* Pl.'s Mot. to Dismiss and Strike at 6.)  Defendant argues that, even so, the *Trenholm v. Ratcliff* exception applies because "[Plaintiff] was solely responsible for the 'marketing, promoting, and selling' of the automotive service contracts at issue. Inherently in that role, [Plaintiff] possessed unique and superior knowledge regarding *its own* historical cancellation data, the quality of *its own* sales leads, and *its own* internal performance metrics." (Def.'s Resp. at 9 (emphasis in original).)  The Court agrees that, at least at this stage of the litigation, it is premature to dismiss Defendant's counterclaim based on an alleged misrepresentation of a future even because the facts as plead allow a plausible inference that Plaintiff had "special knowledge of facts that will occur or exist in the future," namely contract cancellation rates. *See Trenholm*,

646 S.W.2d at 930.  Next, the Court will address whether such counterclaim should be dismissed because it fails to satisfy the heightened pleading standard required by Rule 9(b).

### 2.  Heightened Pleading Standard Required by Rule 9(b).

Plaintiff next argues that the Court should dismiss Defendant's counterclaim for misrepresentation because "Defendant does not allege anywhere in the counterclaim the who, what, where, when or how necessary to satisfy the heightened pleading standards required by Federal Rule 9(b)."  (Pl.'s Mot. to Dismiss and Strike at 7.)  However, Defendant argues that it has complied with Rule 9(b) by identifying the following:

> The Who: Evercare Protection, LLC
> The What: The specific misrepresentation that cancellation rates would be 25-30%, coupled with the omission that Evercare "had received payments in error" for unfunded or cancelled contracts.
> The When: At the "inception of the parties' relationship" and during the subsequent performance of the Producer Agreement.

 (Def.'s Resp. at 11.)

Rule 9(b)'s heightened pleading standard applies to claims for fraudulent misrepresentation.  *See Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024).  Rule 9(b)'s "particularity" standard requires a party to, at a minimum, set forth "allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Crosswell v. Rodriquez*, 120 F.4th 177, 184 (5th Cir. 2024); *see Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (stating that Rule 9(b) requires the asserting party to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent") (quotation marks and citation omitted).  However, Rule 9(b) permits a party to plead generally "[a]llegations about conditions of the mind, such as a defendant's knowledge of the truth and intent to deceive." *Crosswell*, 120 F.4th at 184.

8

As set forth above, Rule 9(b) requires the asserting party to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan*, 600 F.3d at 551.  Here, Defendant sufficiently identified the allegedly fraudulent statement and why the statement is allegedly fraudulent. (*See* Def.'s Sec. Am. Answer at 18.)[2]  However, Defendant has not adequately alleged "the speaker," nor has Defendant adequately alleged "when and where the statements were made[.]"  *See Sullivan*, 600 F.3d at 551.  As to alleging a speaker, Defendant states that Evercare Protection, LLC is the speaker.  (*See* Def.'s Sec. Am. Answer at 18; *see also* Def.'s Resp. at 11.)  However, an incorporated entity cannot speak and can only act through its agents.  *See United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 848 F.3d 366, 372 (5th Cir. 2017).  As such, it is not sufficient simply to allege that Evercare Protection, LLC made a statement because only a person can make a statement.  *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (finding that identifying the corporate representative who made the alleged misrepresentation by name sufficient to comply with Rule 9(b)), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003).  As to when and where the statements were made, "[a]t the 'inception of the parties' relationship' and during the subsequent performance of the Producer Agreement" does not adequately identify the time, place or medium of the statement.  (*See* Def'.'s Resp. at 11.)  Simply put, Rule 9(b) requires more particularity.  *See Benchmark Elecs., Inc.*, 343 F.3d at 724 (finding the identification of the month and year and the city and state where the alleged misrepresentation was made sufficient to comply with Rule 9(b)).  Consequently, the Court

---

[2] Specifically, Defendant alleges the statement that "cancellation rate for the parties' relationship would range between twenty-five percent (25%) and thirty percent (30%) of the total contracts sold by Evercare on behalf of Headstart" was a misrepresentation.  (Def.'s Sec. Am. Answer at 18.)  Defendant claims this statement is a misrepresentation because "Evercare's actual cancellation rates under the Agreement with Headstart averaged seventy five percent (75%)[.]"  (Def.'s Sec. Am. Answer at 18.)

9

**GRANTS** Plaintiff's Motion to Dismiss as to Defendant's claim for misrepresentation and **ORDERS** that such claim be **DISMISSED WITHOUT PREJUDICE**.

### C.    Motion to Strike Affirmative Defenses

Plaintiff also argues that Defendant's fourth, sixth, seventh, and eighth affirmative defenses should be struck, in part, because they "do not state a recognizable affirmative defense that counters any of Plaintiff's pleadings.  They are simply conclusory statements of disagreement by Defendant as to Plaintiff's claims."  (Pl.'s Mot. to Dismiss and Strike at 9.)  Defendant's fourth, sixth, seventh, and eighth affirmative defenses are as follows:

FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the course of doing business in the industry in which the parties are engaged.  Specifically, to the extent the Agreement is vague or unclear as to Plaintiff's duties to refund its share of a policy in the event of a policy cancellation (which Defendant denies), the Agreement should be interpreted in light of industry standards, through which an administrator would not agree to pay a Payment to an agent such as Plaintiff and/or Eleras without right to reimbursement in the event of a policy cancellation.

. . . .

SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the express terms of the parties' Producer Agreement ("Agreement") that governs the parties' business relationship, which specifically requires Plaintiff to refund the pro-rata amounts owed to a customer following a policy cancellation.

. . . .

SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the good faith and/or fair dealing set forth in paragraph 8.2 of the Agreement.

. . . .

EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or part, by Plaintiff's wrongful retention and/or concealment of monies it received, but was not due under the Agreement.

(Def.'s Sec. Am. Answer at 9-10.)

As to Defendant's fourth, sixth, and seventh affirmative defenses, the Court agrees with Plaintiff that such defenses are not affirmative defenses at all. As to Defendant's fourth affirmative defense, it is a principle of contract interpretation not an affirmative defense. *See Transcon. Gas Pipeline Corp. v. Texaco, Inc.*, 35 S.W.3d 658, 670 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) ("Trade-usage or custom evidence is also admissible to establish the meaning of an ambiguous contract."). Similarly, Defendant's sixth and seventh affirmative defenses are not affirmative defenses as these affirmative defenses appear to simply be arguing that Defendant complied with the terms of the contract. *See Villanova v. Fed. Deposit Ins. Corp.*, 511 S.W.3d 88, 99 (Tex. App.—El Paso 2014, no pet.) (an "[a]ffirmative defense[] . . . relieve[s] a defendant of liability even if all the elements of the plaintiff's cause of action are established"). However, although not labeled as such, it appears that affirmative defense eight is one for recoupment, which is an allowable affirmative defense. *See SAS & Assocs., Inc. v. Home Mktg. Serv., Inc.*, 168 S.W.3d 296, 301 (Tex. App.—Dallas 2005, pet. denied) (offset case); *see also Garza v. Allied Fin. Co.*, 566 S.W.2d 57, 62 (Tex. App.—Corpus Christi 1978, no writ) (construing offset affirmative defense as one of recoupment).[3] Consequently, the Court **GRANTS** Plaintiff's Motion to Strike as to Defendant's fourth, sixth, seventh affirmative defenses. However, the Court **DENIES** Plaintiff's Motion to Strike as to Defendant's eighth affirmative defense.

---

[3] The Court also finds that the fair notice requirement is met because the eighth affirmative defense is "sufficiently articulated ... so that the [Plaintiff is] not a victim of unfair surprise." *Home Ins. Co.*, 998 F.2d at 309 (citation omitted).

11

## IV.   CONCLUSION

For the reasons set forth above, it is **ORDERED** that Plaintiff Evercare Protection, LLC's Motion to Dismiss Counts III and IV of Defendant's Counterclaims and Strike Affirmative Defenses 4, 6, 7 And 8 [doc. 38] is **PARTIALLY GRANTED**.  Counts III and IV of Defendant's Counterclaims are **DISMISSED WITHOUT PREJUDICE** and Defendant's fourth, sixth, and seventh affirmative defenses are **STRICKEN**.

SIGNED May 15, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE